*Rutland*
February.
1814.

HIDE *vs.* CHILDS, and others, in Error,

In an action on an indemnifying bond, given to a Sheriff, by his deputy, in assign-
ing breaches of the condition, it is necessary to aver, that the deputy had been
negligent in the performance of some official duty, that in consequence of such
negligence, the Sheriff had become liable, and that the creditor, or person in-
jured by such negligence, had commenced an action against the Sheriff, and had
recovered a certain sum, for his damage and costs, for such neglect of the dep-
uty.

THE original action was commenced on a bond given to Aruna
W. Hide, late Sheriff of Rutland County, by Rodolphus R. Childs,
Penuel Childs, and three others.   On oyer the condition of the
bond was set forth as follows : " Now, the condition of the above
obligation is such, that if the above named Rodolphus R. Childs,
shall well and truly and faithfully perform and execute the office of
deputy Sheriff, under the said Aruna W. Hide, Sheriff as aforesaid,
within and for the County of Rutland, aforesaid, from this date, un-
til the third day of December, 1809, (the bond bearing date the
30th day of November, 1808,) and in all things, and in all matters,
relative to said office of deputy Sheriff, indemnify and save harmless
the said Aruna W. Hide, as Sheriff as aforesaid, *his heirs,* execu-
tors, and administrators from all costs and damage, which he, the
said Sheriff may suffer ; by reason of any default or neglect of the
said Rodolphus R. Childs, as deputy Sheriff, as aforesaid, then this
obligation to be void.

The defendants pleaded, generally *non damnificatus.*

To which the plaintiff replied, that the said R. R. Childs, did not
well and faithfully execute the office of deputy Sheriff, agreeably to
the condition of said bond, and, for breaches therein, the plaintiff
assigned the following.   That the said R. R. Childs, as deputy
Sheriff, as aforesaid, received of the said Aruna W, Hide, an execu-
tion in favor of John Doolittle against Penuel Childs, of Brandon,
in said county of Rutland, on the 20th day of November, 1809,
signed by Martin Post, clerk of Addison County Court, which exe-
cution, the said R. R. Childs, hath never accounted for, and hath
paid only the sum of $97 in part satisfaction of said execution,
And that the said Aruna W. Hide, as Sheriff as aforesaid, hath been
sued for the neglect of the said R. R. Childs, in not returning, col-

*Rutland,*
*February.*
*1814.*

*Hide*
*vs.*
*Childs,*
*et al.*

lecting and paying over said execution, at the County Court holden at Rutland, in and for the county of Rutland, on the third Monday of November, 1810, and a judgment in said suit had against him for the sum of $40,99 cents damages, and for the sum of $11,89 cents costs of suit, and execution was taken out on said judgment, and a *non est* return thereon.    And the bail of the said Aruna W. Hide hath been sued therefor, and a judgment at the November term of Rutland County Court, 1811, recovered against said bail, for the sum of $53,13 cents damages, and for the sum of $15,92 cents, costs of the suit.    Whereby the condition of said bond hath been broken and forfeited, and this he is ready to verify, &c.

To this replication, there was in the Court below, a general demurrer and joinder; and the Court rendered judgment for the plaintiff below.    To reverse which judgment, the defendant below brought this writ of error, and assigned the general error.    Plea— that there is no error.

*Newel* and *Page*, for the plaintiff in error.    The plaintiff's replication in this case is clearly bad.    Where the defendant, pleads performance of the condition generally, the plaintiff must assign a breach, as particularly as in a declaration.    The plaintiff below, ought, in his replication to have set forth the court, in which the judgment was rendered, on which the execution was issued, which was delivered to R. R. Childs, to collect; and also, to have set forth the judgment.    Although this be matter of inducement only, yet it ought to have been set forth, to induce the principal fact.    In Turner *v.* Eyers, 3 Bos. and Pul. p. 456, it is laid down, that, in an action for an escape, any matter of inducement, which must be proved, must be properly set forth, 1 Chit. 492.    The counsel also insisted that an officer is not liable, for not paying over money collected on an execution, until demand made, of the money, and it does not appear from the replication that the money was ever demanded of Childs, the deputy.

*Langdon*, for the defendant in error.    I have not myself, had an opportunity to examine authorities in this case, and certainly those which have been cited by the plaintiff's counsel, have no application to the case before the Court; but it cannot be necessary to be particular in the assignment of breaches in such case, it can be of no use to the defendant.    Surely it cannot be necessary to set forth

the judgment, on which the execution issued, that was delivered to Childs, the deputy.

The opinion of the Court was delivered by

CHIPMAN, Ch. J.    The replication in this case is not drawn with any technical accuracy, either as to the matter or form ; still if we can find a breach sufficiently alledged, without admitting too great a latitude of intendment, the judgment of the County Court ought to be supported ; but, on examination, we are sorry to find that this is impossible.

Some of the exceptions, however, which have been taken by the plaintiff, in error, are not well founded.   It was not necessary, in assigning the breach, in this case, to set forth that a demand had been made, by the creditor on the deputy Sheriff, to pay over the money, however necessary that might be in a suit in favor of the creditor against the officer.   It was also unnecessary to set out the judgment, on which the execution issued.   The action was not on the judgment.—The plaintiff below, was not privy to the judgment, and the defendant below would not have been entitled to oyer. But it was necessary to set forth that the execution was issued on a judgment of some court : in this case, it is supposed to have been a judgment of Addison County Court, this is intimated by the manner in which the execution is set out.   It should also have been averred, that the execution was delivered to the Sheriff, by the creditor, to collect, otherwise it cannot appear that the Sheriff had any official concern with it.   The replication should also have set forth, when the execution was returnable, and, in strictness, that it was delivered to the defendant, (or, as it is that he received it) to serve, execute, collect and return according to law.   There is nothing of all this in the replication.   It is not averred, that the deputy neglected to levy, collect or return the execution.   But, it is, in some sort averred, that the deputy did not pay over the whole amount of the execution, by an averment, that " the said R. R. Childs, hath never accounted for said execution, and hath paid only ninety seven dollars in part satisfaction thereof."   It ought to have been directly averred, that the deputy neglected to serve, collect or return said execution according to law ; or that he had levied and collected the amount of said execution, and had neglected to pay over the same ; that, by reason of such neglect, the Sheriff became liable ; of all

which there is not a word in the replication. The replication ought then to have set forth, that, in consequence of such neglect of the deputy, the creditor commenced an action against the Sheriff, at a court, &c. In which action such proceedings were had, and suffered, that, at such a term of said Court, judgment was rendered in such action against the Sheriff for such a sum, and thence to deduce, that the Sheriff was damnified. Instead of which, there is introduced into the replication, the following brief statement. " And the said Aruna W. Hide as aforesaid, hath been sued for the neglect of the said R. R. Childs, in not returning, collecting and paying over said execution, at the County Court holden at Rutland, within and for the county of Rutland, on the third Monday of November, 1810, and a judgment in said suit had against him, for the sum of $40,99 cents damages, and for the sum of $11,95, cents costs of suit. We may, indeed, collect, from this loose sketch, that the suit here mentioned, was in favor of the creditor, for we cannot suppose, that any other person could have been advised to bring an action for that cause, but, this is too loose in a plea. What follows, of a *non est* of the execution, on that judgment—of a suit and judgment against the Sheriff's bail, is surplussage at least.

On the whole the Court, find it impossible to support the judgment of the County Court, it must therefore be reversed.

*Rutland,*
February.
1814
*Hide*
*vs.*
*Childs,*
*et al.*

